IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brandon R. Barksdale, | Case No. 2:23-cv-00470-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Hobart Lewis and Bryce Caldwell, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending summary dismissal of the case. (Dkt. No. 20). The Court adopts the Report and Recommendation and dismisses the complaint without prejudice and without service of process.

**I. Background**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action alleging defamation in relation to an article published by FOX Carolina News. (Dkt. No. 1 at 5). The Magistrate Judge issued an order notifying Plaintiff that the Complaint was subject to dismissal for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. (Dkt. No. 12). Plaintiff filed an Amended Complaint, but largely restated the same claims raised in the initial pleading. (Dkt. No. 17). The Magistrate Judge issued an R & R, recommending summary dismissal of the case. (Dkt. No. 20). Plaintiff did not file and objection. The matter is now ripe for the Court's review.

**II. Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).

1

This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**III.   Discussion**

After reviewing the Amended Complaint, the Court finds that the Magistrate Judge correctly concluded that this action should be summarily dismissed for lack of subject matter jurisdiction.

Federal question jurisdiction is not present because Plaintiff did not allege or allude to a constitutional violation or violation of any other law of the United States. Plaintiff alleged libel, slander, and defamation in the Amended Complaint. (Dkt. No. 17 at 4 (alleging "defamation of character, libel and slander lies, false imputation of criminal conduct")). Plaintiff cited 42 U.S.C. § 1983 when alleging those causes of action. (*Id.*) But "an alleged act of defamation of character or injury to reputation is not actionable under § 1983." *Gregory v. Simms*, No. 6:15-cv-54-TMC, 2015 WL 1218527, at *7 (D.S.C. Mar. 17, 2015).

Diversity jurisdiction is also not present here because Plaintiff and Defendants are all citizens of South Carolina. (Dkt. No. 17 at 2-3).

## IV. Conclusion

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 20) as the Order of the Court. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and without further leave to amend.

    s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 28, 2023
Charleston, South Carolina